## WEAVER v WOLF

Ohio Appeals, 2nd Dist, Franklin Co

No 4249. Decided Aug 2, 1934

Jones & Henderson, Columbus, for defendant in error and for the motion.

Orton A. Reid, Columbus, and Paul M. Herbert, Columbus, for plaintiff in error, and contra the motion.

Ohio Appeals, 2nd Dist, Franklin Co

No 2429. Decided Oct 2, 1934

Paul M. Herbert, Columbus, and Orton A. Reid, Columbus, for plaintiff in error.

Jones & Henderson, Columbus, for defendant in error.

## OPINION

By KUNKLE, J.

Upon the question of the weight of the evidence, we are of opinion that in view of this conflict there is ample evidence in the record to support the finding of the jury.

Various other errors are assigned in the petition in error but the ones principally stressed by counsel for plaintiff in error both in the brief and in oral argument are:

(1). The trial court erred in refusing to give special charge No. 3 to the jury.

We have considered this requested charge and upon such consideration are of opinion that the same was properly refused. The requested charge is incomplete. Among other things it omits the conduct of defendant in error if placed in peril.

The second ground of error urged by counsel for plaintiff in error in the brief relates to the admission in evidence of cer-

tain exhibits. The record in reference to the X-ray photograph is found on pages 40, 41 and 42 of the bill of exceptions. We have considered this portion of the record with care and find no prejudicial error in the introduction of the X-ray photograph. Among other things, the record shows the following:

"Q. And what part of her body was that photograph taken?

"A. Of her skull.

"Q. I ask you, Doctor, to state what that photograph shows.

"A. Well two of them don't show any pathology or fracture, and the one picture shows a suggestion of a fracture, it may be fracture and it may not be, it is not definite enough that these are positive."

After the objection the court stated:

"Well I think whatever it is should be shown to the jury, just introduce the photograph itself, probably will be a meaningless thing unless it is explained."

And thereupon the photograph was introduced in evidence.

The witness further testified as follows:

"Q. What does it show?

"A. It shows a small line, this line might be a fracture and might be the line of the location of a blood vessel and we don't always say positively when we see a line like that whether it is a fracture or not."

The witness further testified as follows, (page 42):

"Well, the patient showed other signs and symptoms of a fracture, I would be inclined to think it was a fracture."

"MR. REID: I am going to object to that and move it be stricken out."

"THE COURT: That is on some other subject, but what does the X-ray disclose?

"THE WITNESS: It doesn't show enough of a fracture that I would mark it a fracture just by looking at the X-ray picture itself."

The witness then proceeded and explained in more or less detail the symptoms of the patient which induced him to believe that she was suffering from a skull fracture.

When the entire record is considered, we find nothing prejudicial in admitting the X-ray photograph.

Objection is also made to the introduction of certain estimates of repairing the automobile of defendant in error. These estimates form Exhibit No. 2 and consist of three sheets of paper, upon two of which sheets there is printed, among other things, the following:

"Estimate of Damage or Loss on Coach and Sedan.

"State Automobile Mutual Insurance Company, Columbus, Ohio.

Date,—12/30/32."

It is claimed that the jury might have gained the impression that there was an Insurance Company involved in this controversy. The third sheet of this exhibit does not contain the above printed statement. The testimony relating to this objection is found upon pages 74, 75 and 76 of the record.

The witness Merrick was asked whether he had made an estimate of the amount required to repair this automobile. He stated that he had done so and this estimate amounted to about $400.00 and towing in the car to about $18.00.

The difference between the value of the car immediately before the accident and immediately afterward was also shown and this value exceeded the estimate of the cost as shown by Exhibit No. 2. The estimate of the reasonable cost of the repairs and the parts was objected to, and the objection was as follows:

"Q. Is this your record here of the car?

"A. Yes, sir.

"Q. You didn't go after this automobile, did you?

"A. No, sir.

"MR. HENDERSON: Mark this Plaintiff's Exhibit 2, and I ask it be admitted in evidence, the estimated bill for repairs.

"MR. REID: I am going to object to that, I don't believe, unless it is cleared up a little further, that Mr. Merrick testified he prepared this bill.

"THE WITNESS: Yes, sir, I made the bill out myself.

"Q. On your own examination? A. Yes, sir.

"MR. HENDERSON: May it be admitted?

"THE COURT: Is there objection now?

"MR. REID: Well, I am objecting to it, yes, because I don't think a bill like that is competent to show, prepared as it is, is competent to show any issue of this case.

"MR. HENDERSON: He testified that

was a reasonable cost for the parts and so forth to repair the car.

"THE COURT: Well, it isn't conclusive, just an item of evidence, the objection, I think, probably goes to the weight of it. Of course, the actual measure of damages is the difference between the value of the car before the accident and after the accident, but costs of repairs, whether actual or best estimate, is usually to be some evidence; it goes to the weight of it, I think it may be admitted."

And thereupon the repair estimate as above offered was admitted in evidence on behalf of plaintiff, subject to objection and exception of the defendant and is attached and marked Plaintiff's Exhibit 2 and made a part of the bill of exceptions.

The principal objection now urged to this exhibit is that two of the pages of the exhibit are on sheets of paper on which the following printing occurs: "State Automobile Mutual Insurance Company, Columbus, Ohio."

There is nothing in the record showing or even tending to show that the attention of counsel or the court was called to this printing as an objection at the time of the introduction of the testimony. It was merely a general objection to the competency of an estimate of the cost of repairs.

That is the only feature to which the attention of the court was called and it is clearly the only feature upon which the court was passing. This is apparent from the statement of the court as found upon page 76 of the record wherein the court says that it is merely an item of evidence and the real measure of damages is the difference between the value of the car immediately before the accident and after the accident. As above stated the testimony shows that this value exceeded the estimate of the cost of the parts and the repairs and therefore the introduction of the estimate would not be prejudicial, and the attention of the court was not called to nor did he pass upon the question now suggested. We think there was nothing prejudicial in the admission of this exhibit.

We have considered all the grounds of error urged by counsel for plaintiff in error, but finding no error in the record we think would warrant a reviewing court in disturbing the judgment of the lower court, the same will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.